IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES ROSE,                                  )
                                             )
            Plaintiff,                       )
                                             )          Civil Action No. 1:12-cv-928
v.                                           )
                                             )          **Jury Trial Demanded**
BUCKEYE LENDING SOLUTIONS, LLC.,             )
                                             )
            Defendant.                       )
_____ )

## NATURE OF ACTION

1.      This is an action brought pursuant to the Truth in Lending Act, 15 U.S.C. §
1601 *et seq.* and its implementing Regulation Z ("Reg. Z.), 12 C.F.R. Part 1026
(collectively, "TILA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. §
1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the
acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff
resides in this district, and Defendant transacts business in this district.

## PARTIES

4.      Plaintiff James Rose ("Plaintiff") is a natural person who at all relevant
times resided in the State of Ohio, County of Hamilton, and City of Cincinnati.

5.      Defendant Buckeye Lending Solutions, LLC ("Defendant") is a limited liability company engaged in the business of writing consumer loans.

6.      At all relevant times, Defendant, in the ordinary course of its business regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making it a creditor within the meaning of the Truth in Lending Act, 15 U.S.C. § 1602(g) and Regulation Z, 12 C.F.R. § 1026.2(17).

## FACTUAL ALLEGATIONS

7.      On December 7, 2011, Plaintiff sought a loan from Defendant primarily for personal, family, or household purposes.

8.      On December 7, 2011, Plaintiff executed a loan agreement in favor of Defendant.  (See Loan Agreement, attached as Exhibit A).

9.      Pursuant to the loan agreement, Defendant provided Plaintiff a loan in the amount of $200.67, to be repaid to Defendant in one payment of $230.00 on January 4, 2012.

10.     The Truth in Lending disclosures provided to Plaintiff in connection with the loan disclosed an Annual Percentage Rate of 190.53%, a finance charge of $29.33, an amount financed of $225.67, total of payments of $230.00, and further disclosed that the loan was secured by a Check, if any, Plaintiff provided as payment for the loan.

11.     The amount financed was calculated as follows:

1.  Amount paid directly to you:              $200.67
2.  Origination fee paid to Lender:           $15.00
3.  Credit investigation fee paid to Lender:  $10.00
4.  Principal (1 plus 2 plus 3):              $225.67
5.  Less prepaid finance charge (2 plus 3):   $25.00
6.  Amount Financed (4 minus 5):              $200.67

12.     Defendant included a prepaid finance charge in the amount of $25.00 in both the finance charge and the amount financed disclosed to Plaintiff pursuant to the TILA.

13.     Thus Defendant incorrectly disclosed the amount financed to Plaintiff in the Truth in Lending disclosures provided to Plaintiff in connection with the December 7, 2011 loan.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1638(a)(2)

14.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

15.     Defendant violated the Truth in Lending Act, 15 U.S.C. § 1638(a)(2) and Regulation Z 12 C.F.R. 1026.18(b), by disclosing an inaccurate amount financed in the Truth in Lending disclosures provided to Plaintiff in connection with the loan.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1638(a)(2) and Regulation Z, 12 C.F.R. 1026.18(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of $200.00;

c) Awarding Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1640(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby demands a trial by jury.

This 3rd day of December, 2012.

LAW OFFICES OF RONALD S. WEISS

/s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*
*Co-counsel with Weisberg & Meyers, LLC*

4

5

**Correspondence address**
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012